DAVIS, Judge.
Charles J. Campbell appeals the order dismissing his postconviction motion for failure to contain the proper oath. See Fla. R.Crim. P. 3.850(c). We reverse.
The postconviction court dismissed Campbell’s motion for failure to contain the correct oath without prejudice to file a motion with the proper oath within the time limitations of rule 3.850(b). But the oath Campbell signed in his motion is virtually identical to the oath required in the absence of a notary by Florida Rule of Criminal Procedure 3.987: “Under penalties of perjury, I declare that I have read the foregoing motion and that the facts stated in it are true.” In his motion, Campbell included the following oath: “I hereby state under penalty of perjury the foregoing is based upon true facts, [sic] oath pursuant to 92.525 FSA done this 13 day of May 2012.” Because the oath Campbell signed is virtually identical to the form oath, the posteonviction court erred in dismissing his motion based on an insufficient oath. See Braden v. State, 779 So.2d 365, 366 (Fla. 2d DCA 2000) (holding that oath that was virtually identical to the rule 3.987 form oath rendered postconviction motion procedurally sufficient).
Accordingly, we reverse and remand with directions that the postconviction court consider Campbell’s rule 3.850 motion on its merits.
Reversed and remanded.
KELLY and KHOUZAM, JJ., Concur.